**A CERTIFIED TRUE COPY**

DEC 2 7 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
DEC 2 7 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1806*

JAN 1 1 2007

CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)*

07cv 0070 BEN

*Janemarie Lenihan v. Morgan Stanley & Co., Inc., et al.*, D. Connecticut,
   C.A. No. 3:06-794
*Joseph Stowell, Jr. v. Morgan Stanley DW, Inc.*, C.D. Illinois, C.A. No. 1:06-1219
*Robert Steinberg v. Morgan Stanley & Co., Inc., et al.*, D. New Jersey C.A. No. 2:05-4856
*Paul Roles v. Morgan Stanley & Co., Inc., et al.*, E.D. New York, C.A. No. 2:05-4553
*David Andrew Gasman, et al. v. Morgan Stanley*, S.D. New York, C.A. No. 1:05-7889
*Kyle R. Armitage v. Morgan Stanley & Co., Inc.*, E.D. Texas, C.A. No. 1:06-347

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of six putative class actions[1] pending, respectively, in each of the following districts: the District of Connecticut, the Central District of Illinois, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Eastern District of Texas.[2] Plaintiffs in the Central District of Illinois and the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Defendants Morgan Stanley & Co. (Morgan) and a Morgan affiliate, joined by plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions, do not oppose centralization, but argue in favor of the Southern District of California as transferee forum.

---

[1] As originally filed, the Section 1407 motion included a seventh action pending at the time in the Southern District of Florida: *Jennifer Taub v. Morgan Stanley DW, Inc.*, C.A. No. 06-60921. That action has since been settled, and the district court has entered an order approving the settlement agreement and dismissing the action with prejudice. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

[2] The Panel has been notified of three additional related actions pending as follows: two actions in the Southern District of California and one action in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Dockets.Justia.com

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the six actions raises allegations that the Morgan defendants violated the Fair Labor Standards Act and state labor laws by i) misclassifying certain of their sales employees as exempt from overtime pay requirements and/or ii) making improper deductions from those employees' compensation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of California is an appropriate transferee forum for this docket. An earlier action against the Morgan defendants raising similar claims has just recently settled in that district. More significantly, the Morgan defendants and the plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions state that they have reached a "global settlement" under which a consolidated complaint would be filed in the California district, the matter would be related to the now-settled Southern District of California action, and Judge Roger T. Benitez, who presides over the Southern California action, would administer a settlement resolving the claims against defendants on a nationwide basis. Transfer to the Southern District of California would thus place this litigation before a judge already familiar with the issues in the litigation and may further enhance the prospects for a just and speedy resolution of all MDL-1806 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

IN RE: MDL 1806
MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION

Attached is a certified copy of the transfer order received from the Multidistrict Litigation Panel in Washington, D.C. It instructs that the case(s) listed be transferred to our district for disposition pursuant to Title 28 USC 1407, as soon as possible. The order includes the following case number(s) assigned to the Southern District of California.

The Honorable Roger T. Benitez, U.S. District Judge will be the presiding judge on this case. Please forward a copy of the complaint (including notice of removal, if applicable), any amendments, the docket sheet and the MDL Transfer Order to our office.

| Case Name | Your Case Number | Our California Case Number |
|-----------|------------------|---------------------------|
| Lenihan v. Morgan Stanley | Connecticut  No 3:06-794 | 3:07cv0070BEN |
| Stowell Jr. v. Morgan Stanley | Illinois 1:06-1219 | 3:07cv0071BEN |
| Steinberg v. Morgan Stanley | New Jersey 2:05-4856 | 3:07cv0072BEN |
| Roles v. Morgan Stanley | New York 2:05-4553 | 3:07cv0073BEN |
| Gasman v. Morgan Stanley | New York 1:05-7889 | 3:07cv0074BEN |
| Armitage v. Morgan Stanley | Texas 1:06-347 | 3:07cv0075BEN |

Please forward the above requested documents, preferably as PDF documents attached to an email addressed to Beverly_Robinson@casd.uscourts.gov  Please attach separate PDFs for each of the documents. If this is not possible, please forward the printed copies of the requested documents via mail.

Should you have any questions regarding this request, please contact Beverly Robinson at (619)557-5519.

Very truly yours,

W. Samuel Hamrick, Clerk
Southern District of California

CLOSED, EFILE, STAYED

# U.S. District Court
# United States District Court for the District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:06-cv-00794-AWT

Lenihan v. Morgan Stanley & Co.Inc. et al
Assigned to: Judge Alvin W. Thompson
Cause: No cause code entered

Date Filed: 05/22/2006
Date Terminated: 01/12/2007
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**Janemarie Lenihan**
*o/b/o herself & all others similarly
situated*

represented by **Nancy A. Kulesa**
Schatz & Nobel-Htfd
One Corporate Center
20 Church St., Suite 1700
Hartford, CT 06103
860-493-6292
Fax: 860-493-6290
Email: nancy@snlaw.net
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Morgan Stanley & Co.Inc.**

represented by **Anthony Rosato Minchella**
Anthony R. Minchella, LLC
530 Middlebury Rd., Suite 209B
Middlebury, CT 06762
203-758-1069
Fax: 203-758-2074
Email:
anthonyminchella@sbcglobal.net
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Samuel S. Shaulson**
Morgan, Lewis & Bockius, LLP - NY
101 Park Avenue
New York, NY 10178-0060
212-309-6000
Fax: 212-309-6001

Email: sshaulson@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Morgan Stanley DW Inc**
*formerly known as*
Morgan Stanley Dean Witter & Co

represented by **Anthony Rosato Minchella**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel S. Shaulson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/22/2006 | 1 | COMPLAINT against Morgan Stanley & Co.Inc., Morgan Stanley DW Inc ( Filing fee $ 350 receipt number H019540), filed by Janemarie Lenihan.(Ferguson, L.) (Entered: 05/23/2006) |
| 05/22/2006 | 2 | Order on Pretrial Deadlines: Motions to Dismiss due on 8/22/06. Amended Pleadings due by 7/21/2006. Discovery due by 11/21/2006. Dispositive Motions due by 12/21/2006. Signed by Clerk on 5/22/06. (Ferguson, L.) (Entered: 05/23/2006) |
| 05/22/2006 | 3 | ELECTRONIC FILING ORDER . Signed by Judge Alvin W. Thompson on 5/22/06. (Ferguson, L.) (Entered: 05/23/2006) |
| 05/23/2006 |   | Summons Issued as to Morgan Stanley & Co.Inc., Morgan Stanley DW Inc. (Ferguson, L.) (Entered: 05/23/2006) |
| 06/23/2006 |   | Summons Issued as to Morgan Stanley & Co.Inc., Morgan Stanley DW Inc. (Gothers, M.) (Entered: 06/23/2006) |
| 06/28/2006 | 4 | First SUMMONS Returned Executed by Janemarie Lenihan. Morgan Stanley & Co.Inc. served on 6/28/2006, answer due 7/18/2006. (Kulesa, Nancy) (Entered: 06/28/2006) |
| 06/28/2006 | 5 | First SUMMONS Returned Executed by Janemarie Lenihan. Morgan Stanley DW Inc served on 6/28/2006, answer due 7/18/2006. (Kulesa, Nancy) (Entered: 06/28/2006) |
| 08/15/2006 | 6 | NOTICE of Appearance by Anthony Rosato Minchella on behalf of Morgan Stanley & Co.Inc., Morgan Stanley DW Inc (Montgomery, A.) (Entered: 08/16/2006) |
| 08/15/2006 | 7 | MOTION for Leave to Appear Pro Hac Vice Attorney Sam S. Shaulson. Filing Fee $25.00. Receipt Number H020248. by Morgan Stanley & Co.Inc., Morgan Stanley DW Inc. (Montgomery, A.) (Entered: |

| | | 08/16/2006) |
|---|---|---|
| 08/15/2006 | 8 | Joint STIPULATION & Proposed Order to Stay Action by Janemarie Lenihan, Morgan Stanley & Co.Inc., Morgan Stanley DW Inc. (Ferguson, L.) (Entered: 08/17/2006) |
| 08/18/2006 | 9 | ELECTRONIC ORDER: The defendants' Motion for Admission of Visiting Lawyer (Doc. No. 7) to admit Attorney Sam S. Shaulson as a visiting lawyer is hereby GRANTED. It is so ordered. Signed by Judge Alvin W. Thompson on 8/18/06. (Bock, M.) (Entered: 08/18/2006) |
| 08/21/2006 | 10 | ELECTRONIC ORDER: The parties' Joint Stipulation and Proposed Order to Stay Action (Doc. No. 8) is hereby granted. The case is hereby stayed until October 23, 2006. Upon the expiration of the stay, the parties will submit a joint status report to the court. It is so ordered. Signed by Judge Alvin W. Thompson on 8/21/06. (Bock, M.) (Entered: 08/21/2006) |
| 10/23/2006 | 11 | Joint STATUS REPORT & Proposed Order by Janemarie Lenihan, Morgan Stanley & Co.Inc., Morgan Stanley DW Inc. (Ferguson, L.) (Entered: 10/23/2006) |
| 10/27/2006 | 12 | ELECTRONIC ORDER: The parties' joint case status report (Doc. No. 11) is hereby APPROVED. The case shall continue to be stayed until the JPML rules on the MDL motion and decides where this case should proceed. No later than ten days after receipt of the JPML's decision, the parties shall file a status report. Signed by Judge Alvin W. Thompson on 10/27/06. (Bock, M.) (Entered: 10/27/2006) |
| 01/12/2007 | 13 | CONDITIONAL TRANSFER ORDER. Case transferred to the Southern District of California. Signed by Wm. Terrell Hodges, Chairman, MDL Panel on 12/27/06. (Ferguson, L.) (Entered: 01/16/2007) |
| 01/12/2007 | | Case transfered to the Southern District of California. Original file (via electronic format), certified copies of docket sheet and Order of Transfer sent. (Ferguson, L.) (Entered: 01/16/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/19/2007 12:01:55 | | |
| **PACER Login:** | ud0077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:06-cv-00794-AWT |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEMARIE LENIHAN, on behalf of herself and all others similarly situated, <br><br>                          Plaintiff, <br><br> -against- <br><br> MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC. (f/k/a MORGAN STANLEY DEAN WITTER & CO.), <br><br>                        Defendants. | Action No. <br><br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED <br><br> May 22, 2006 |

Plaintiff Janemarie Lenihan, by her attorneys, alleges this class action complaint for herself and on behalf of all others similarly situated, based; (i) upon her own personal knowledge; (ii) her own acts and the acts and statements of any above-named defendants in which plaintiff participated directly, including the communications with, representations made, and documentation and information provided to plaintiff by any defendant in the ordinary course of business; and (iii) the investigation of her counsel. Counsel's investigation conducted on plaintiff's behalf, included, among other things: (i) an analysis of publicly-available news articles and reports; (ii) a review and analysis of public filings, including but not limited to any by defendants, and (iii) other matters of public record. The allegations as to all other matters are based upon investigation by plaintiff's attorneys and research of the applicable law with respect to the claims asserted herein.

### SUMMARY OF CLAIMS

1.     This is a class action brought on behalf of plaintiff, a securities broker, and two classes of similarly situated persons composed of (i) all employees or former employees of defendants, who have worked for defendants and who are or were engaged in, or are or were

440086

training to be in, the business of selling securities, and who have taken or have trained to take

registration examinations, at any time after May 22, 2004 (the "Federal Class" and the "Class

Period"); and (ii) all employees or former employees of defendants who have worked for

defendants in the state of Connecticut and who are or were engaged in, or are or were training to

be in, the business of selling securities, and who have taken or have trained to take registration

examinations, at any time after May 22, 2004 (the "Connecticut Class" and, together with the

Federal Class, the "Classes").

    2.      Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 207 (2005) by not paying the Federal Class overtime pay for a work week longer than

forty hours.

    3.      Defendants violated the rights of the Connecticut Class under Connecticut labor

law:

          a.      Under Connecticut law, "any employer who pays or agrees to pay to an

                  employee less than the minimum fair wage or overtime wage shall be

                  deemed in violation of the provisions of this part." Conn. Gen. Stat. § 31-

                  60(a). A "wage" is defined as "compensation for labor or services

                  rendered by an employee, whether the amount is determined on a time,

                  task, piece, commission or other basis of calculation." Conn. Gen. Stat. §

                  31-71(a)(3).

          b.      In Connecticut, the workweek is forty hours and any time worked above

                  that requires payment at the rate of time and a half. Conn. Gen. Stat. § 31-

                  76(c) ("No employer, except as otherwise provided herein, shall employ

                  any of his employees for a workweek longer than forty hours, unless such

employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.")

4.      As a result of defendants' violation of the FLSA and Connecticut labor laws, plaintiff and the members of the Classes were illegally and grossly under-compensated for their work.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

6.      Venue is proper under 28 U.S.C § 1391(b)(1) because each of the defendants is resident in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

7.      Plaintiff Janemarie Lenihan, during her employment by defendant, lived and worked on Sherman, Connecticut.

8.      Plaintiff was employed as a securities broker by defendant Morgan Stanley DW Inc. in Greenwich, Connecticut during the relevant time period.

9.      Defendant Morgan Stanley & Co. Incorporated ("MS&Co.") is one of the principal operating subsidiaries of "Morgan Stanley."[1]  MS&Co. is a wholly-owned subsidiary of Morgan Stanley.  MS&Co. is a registered broker-dealer and one of the world's largest full-service broker-dealers, asset management and financial advisory companies.

---

[1]  Morgan Stanley, not a defendant herein, is the publicly-traded parent holding firm of each defendant.  Morgan Stanley states that it does essentially all of its business through subsidiaries.

10.     Defendant Morgan Stanley DW Inc. ("MSDWI") is also one of Morgan Stanley's principal operating subsidiaries. MSDWI is a wholly-owned subsidiary of Morgan Stanley. MSDWI is a registered broker-dealer and one of the world's largest full-service broker-dealers, asset management and financial advisory companies.

11.     Defendants have at least 10 offices within the State of Connecticut, including Greenwich, Darien, Wilton, Fairfield, Danbury, New Haven, Madison, Avon, Hartford, and Mystic.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action on behalf of herself and the Federal Class pursuant to FLSA § 216(b) and on behalf of the Connecticut Class pursuant to Federal Rule of Civil Procedure 23.

13.     Each of the Classes is composed of thousands of individuals, the joinder of whom in one action is impracticable, and the disposition of their claims in a class action will provide substantial benefits both to the parties and the Court. Each of the Classes is sufficiently numerous, since it is estimated that each contains thousands of people employed by the defendants during the Class Period.

14.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to each of the Classes predominate over questions which may affect only individual members of each of the Classes, including the following:

      a.     Whether defendants failed to adequately compensate the members of the Federal Class for overtime hours worked as required by the Fair Labor Standards Act, 29 U.S.C. § 207, and failed to adequately compensate the members of the Connecticut Class for overtime hours worked as required

by Conn. Gen. Stat. § 31-76(c) because plaintiff and the members of the

Classes are not exempt employees under the Fair Labor Standards Act or

Connecticut General Statute § 31-76(i).

b.     Whether defendants deducted monies from the Connecticut Class

members' wages to pay for support staff and other overhead expenses in

violation of Connecticut General Statute § 31-71(e).

c.     Whether the members of the Classes have been damaged and, if so, the

extent of such damages.

15.     As an employee of defendant MSDWI, which failed to adequately compensate

plaintiff for overtime hours worked, and improperly charged her for expenses, plaintiff is

asserting claims that are typical of the claims of the Classes. Plaintiff will fairly and adequately

represent and protect the interests of the Classes and has no interest antagonistic to those of the

other members of the Classes. Plaintiff has retained counsel who is competent and experienced

in the prosecution of class action litigation.

16.     Plaintiff and the other members of the Classes have suffered damages as a result

of defendants' unlawful conduct. Because of the size of the claims of individual members of the

Classes, few, if any, members of the Classes could afford to seek legal redress for the wrongs

complained of herein. A class action is, therefore, superior to other available methods for the

fair and efficient adjudication of the controversy. Absent a class action, the members of the

Classes likely will not obtain redress of their injuries and defendants will retain the proceeds of

their violations of FLSA § 207, and Connecticut General Statute § 31-76(c) and 31-71(e).

## THE FACTS CONSTITUTING THE CLAIM

17.     Plaintiff was an inside securities broker at MSDWI.

440071                                    5

18.    Plaintiff's primary duties included (but were not limited to) selling securities, making "cold calls" and engaging in other activities to develop a book of business. A "cold call" is a phone call to an individual who had not been previously identified as a potential "lead."

19.    As a trainee, plaintiff was compensated solely on the basis of a salary.

20.    MSDWI paid plaintiff solely on the basis of a 40-hour work week.

21.    MSDWI did not pay plaintiff for hours worked above 40 hours per week, as required by law.

22.    Plaintiff regularly worked in excess of 40 hours per week.

23.    MSDWI paid the other trainee members of the Classes, who were on salary on the same basis as it paid plaintiff, meaning that the other members of the Classes also were not paid for overtime hours worked.[2]

24.    Similarly, MSDWI paid inside commission brokers solely on a 40-hour per week basis, and failed to pay those members of the Classes for overtime hours worked.

25.    Upon information and belief, MS&Co. paid its broker trainees on the same basis as did MSDWI, meaning that they too were not paid for overtime.

26.    Upon information and belief, MS&Co. paid its commission brokers on the same basis as did MSDWI, meaning that they, too, were not paid for overtime.

27.    Each defendant knew that the normal course of conduct for plaintiff and the members of the Classes routinely included working more than 40 hours per week.

28.    Each defendant knew that it was not paying plaintiff and the members of the Classes for hours worked in excess of 40 hours per week.

---

[2]  Although plaintiff's employment contract specifically provided (upon information and belief) that plaintiff would receive overtime pay for work in excess of 40 hours per week, plaintiff was not paid for such overtime nor were other members of the Classes whose contracts may have contained a similar provision.

29.    MSDWI charged the trainees, including plaintiff, $600 for a work manual by a sales training company which taught at the initial three-week training class attended by plaintiff and improperly deducted that amount from plaintiff and other class members' wages.

30.    With respect to MSDWI employees who were commission brokers, MSDWI impermissibly and unlawfully deducted from employees' wages amounts for (among other things, but not limited to these items): the salary and other overhead associated with the broker's assistant; the salary of cold callers; certain research services and certain financial data services.

31.    With respect to MS&Co. employees who were commission brokers, upon information and belief, MS&Co. impermissibly and unlawfully deducted from employees' wages amounts for (among other things, but not limited to these items): the salary and other overhead associated with the broker's assistant; the salary of cold callers; certain research services and certain financial data services.

32.    Plaintiff and the members of the Federal Class were not "professionals" and did not perform executive or administrative functions as defined by the FLSA.

33.    Plaintiff and the members of the Connecticut Class were not "professionals" as defined by Connecticut regulation §31-60-14, and did not perform executive or administrative functions as defined therein.

34.    Plaintiff and the other members of the Classes were not, and are not, outside salesmen as defined in the FLSA since they performed their sales functions inside defendants' offices.

## FIRST CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the Federal Class
### (Violation of FLSA § 207 )

35.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as

though fully set forth herein.

36.    Section 207 of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall
> employ any of her employees who in any work week is engaged in
> commerce or in the production of goods for commerce, for a work
> week longer than forty hours unless such employee receives
> compensation for her employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular
> rate at which he is employed.

37.    Section 207 of the Federal Fair Labor Standards Act provides for certain

exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) of
> this section [mandate to compensate employees for overtime] by
> employing any employee of a **retail or service establishment** for
> a workweek in excess of the applicable work week specified
> therein, if (1) the regular rate of pay of such employee is in excess
> of one and one-half times the minimum hourly rate applicable to
> her under section 206 of this title; and (2) more than half her
> compensation for a representative period (not less than one month)
> represents commissions on goods or services.

29 U.S.C. § 207 (2005) (emphasis added).

38.    The Section 207 exemption does not apply because brokerage houses do not

qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's

regulations provides a "partial list of establishments to which the retail concept [and thus the

section 207 exemption] does not apply." 29 U.S.C. § 779.317 (2005).  Included in that list is

"brokers, custom house; freight brokers; stock or commodity brokers, [and] ... securities

dealers." *Id.*

39.    Section 213 of the Federal Fair Labor Standards Act provides that the overtime

pay requirement does not apply to:

> (a)(1) any employee employed in a bona fide **executive,
> administrative,** or **professional capacity** (including any employee
> employed in the capacity of academic administrative personnel or
> teacher in elementary school), or in the capacity of **outside
> salesman** (as such terms are defined and delimited from time to
> time by regulations of the Secretary, subject to the provisions of
> the Administrative Procedure Act except that an employee of a
> retail or service establishment shall not be excluded from the
> definition of employee employed in a bona fide executive or
> administrative capacity because of the number of hours in her work
> week which he devotes to activities not directly or closely related
> to the performance of her executive or administrative activities, if
> less than 40 percent of her hours worked in the work week are
> devoted to such activities).

29 U.S.C. § 213 (2005) (emphasis added).

40.    The Section 213 exemption for employees employed in a professional capacity is

inapplicable because, as the courts have held, securities brokers who work on commission, are

not employed in a bona fide professional capacity.

41.    The professional exemption does not apply to the plaintiff or the members of the

Federal Class because the status of a securities broker is not a recognized profession in a field of

science or learning, and the skills are acquired through experience and an apprenticeship and the

passage of a series of exams through self-study rather than at any institution of higher learning.

42.    In addition, the occupation must be generally recognized as a profession requiring

advanced knowledge in a field of science or learning customarily acquired by a prolonged course

of specialized intellectual instruction.  Although many members of the Federal Class hold

advance degrees in business, many do not, and the degree in business is a general degree rather

than a degree related to work as a stock broker.  There is no generally recognized advance degree

from an institution of higher academic learning related to work as a stock broker, and even if

there were, it is not generally required to have such a degree in order to become a securities broker employee of defendants.

43.    The Section 213 exemption for employees employed in the capacity of outside salesman does not apply because neither plaintiff nor the members of the Classes were, or are, outside salespersons.

44.    Because plaintiff and the other members of the Federal Class were employed at the defendants' places of business, the outside salesman exemption does not apply to them.

45.    The Section 213 exemption for executive or administrative personnel does not apply to members of the Federal Class since they were not responsible for the supervision of other employees of defendants.

46.    There are no other exemptions applicable to plaintiff and members the Federal Class.

47.    As a result of defendants' failure to pay overtime, plaintiff and the members of the Federal Class were damaged in an amount to be proven at trial.

48.    Therefore, plaintiff demands that she and the members of the Federal Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

## SECOND CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the Connecticut Class
### (Violation of Connecticut General Statute § 31-60(a), 31-76(c))

49.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

50.    Under Connecticut law, "any employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part." Conn. Gen. Stat. § 31-60(a).

51.    A "wage" is defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. § 31-71a(3).

52.    In Connecticut, the workweek is forty hours and any time worked above that requires payment at the rate of time and a half. Conn. Gen. Stat. § 31-76(c) ("No employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.")

53.    Plaintiff and the class are not exempt under Connecticut law from the Connecticut overtime pay laws since they are not executives, administrators, or professionals. Connecticut General Statute § 31-76i exempts from entitlement to overtime pay "(e) any person employed in a bona fide executive, administrative or professional capacity as defined in the regulations of the labor commissioner issued pursuant to section 31-60." The regulations, at § 31-60-14 define "employee employed in a bona fide executive capacity" in pertinent part as:

> any employee (a) whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and (b) who customarily and regularly directs the work of two or more other employees therein; and (c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and (d) who customarily and regularly exercise discretionary powers; and (e) who does not devote more than

440071                                11

> twenty percent . . . of his hours of work in the workweek to
> activities which are not directly and closely related to the
> performance   of the work described in subdivisions (a) to (d),
> inclusive, of this section . . . and (f) who is compensated for his
> services on a salary basis at a rate not less than . . . one hundred
> twenty-five dollars per week [after January 1, 1969]. . . . Any
> employee who is compensated on a salary basis at a rate of not less
> than one hundred seventy-five dollars per week . . . and whose
> primary duty consists of the management of the enterprise in which
> he is employed or of a customarily recognized department or
> subdivision thereof, and includes the customary and regular
> direction of the work of two or more other employees therein, shall
> be deemed to meet all of the requirements of this section.

54.    There are no other exemptions applicable to plaintiff and members of the

Connecticut Class.

55.    As a result of defendants' failure to pay overtime, plaintiff and the members of

the Connecticut Class were damaged in an amount to be proven at trial.

56.    Therefore, plaintiff demands that she and the members of the Connecticut Class

be paid overtime compensation as required by Connecticut labor law for every hour of overtime

worked in any work week for which they were not compensated, plus interest and attorneys' fees

as provided by law.

### THIRD CAUSE OF ACTION
#### Impermissible Deductions from Employees' Wages
#### (Connecticut General Statute § 37-71(e))

57.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as

though fully set forth herein.

58.    Plaintiff and the class also bring claims for improper deductions from wages.

Under Connecticut law "[n]o employer may withhold or divert any portion of an employee's

wages unless (1) the employer is required or empowered to do so by state or federal law, or (2)

the employer has written authorization from the employee for deductions on a form approved by

the commissioner, or (3) the deductions are authorized by the employee, in writing, for medical, surgical or hospital care or service, without financial benefit to the employer and recorded in the employer's wage record book." Conn. Gen. Stat. § 31-71(e).

59.     In this case, defendants improperly withheld compensation for related administrative expenses.

60.     As a result of defendants' failure to pay overtime, plaintiff and the members of the Connecticut Class were damaged in an amount to be proven at trial.

61.     Therefore, plaintiff demands that defendants reimburse any members of the Connecticut Class from whom it improperly withheld a portion of their compensation in order to pay overhead expenses of the defendants, plus interest and attorneys' fees as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and other members of the Classes defined herein, pray for judgment and relief as follows:

1.     An order certifying that the action may be maintained as a class action on behalf of the Classes;

2.     Compensatory damages at one and one half the regular rate of pay for all hours worked in excess of forty a week in an amount to be proven at trial;

3.     Disgorgement of profits derived from defendants' improper use of funds due and owed to plaintiff and the members of the Classes;

4.     Reasonable attorneys' fees;

5.     Costs of this suit;

6.     Pre- and post-judgment interest;

7.     Such other and further relief as the Court may deem necessary and appropriate; and

8.     No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under Connecticut law are sought in this action and are expressly waived.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

By: _Nancy A. Kulesa_

Andrew M. Schatz (ct 00603)
Jeffrey S. Nobel (ct 04855)
Nancy A. Kulesa (ct 25384)
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
Tel.: 860-493-6292
Fax: 860-493-6290
Attorneys for the Plaintiff


WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
Jeffrey G. Smith
Robert Abrams
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile:  (212) 686-0114

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

<u>ORDER ON PRETRIAL DEADLINES</u>

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a)    In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b)    All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c)    All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d)    Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e)    Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
_____Kevin F. Rowe, Clerk

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action No: _____ (AWT)

## ELECTRONIC FILING ORDER IN CIVIL CASES

The parties shall file all documents in this case electronically.   Counsel must comply

with the following requirements:

1. Counsel must comply with all applicable Federal Rules of Civil Procedure, the

District's Local Rules, the requirements set forth in the District's CM/ECF Policies and

Procedures Manual, and any other rules and administrative procedures which implement the

District's CM/ECF system.

2. Unless otherwise ordered, on the business day next following the day on which a

document is filed electronically, counsel must provide chambers with one paper copy of the

following e-filed documents:

All documents  (including briefs and exhibits) relating to the following:

a.    Applications for temporary restraining orders, preliminary injunctions or
      prejudgment remedies;
b.    Dispositive motions (motions to dismiss, for judgment on the pleadings, or for
      summary judgment);
c.    Requested jury instructions;
d.    Joint Trial Memorandum;
e.    Trial briefs, including proposed findings of fact and conclusions of law; and
f.    Any other motion, request or application which, taken together with all related
      filings (e.g., memorandum in support and affidavits), are in excess of 15 pages.

It is so ordered.

/s/ Alvin W. Thompson

_____
Alvin W. Thompson
United States District Judge

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ CONNECTICUT _____

JANEMARIE LENIHAN, *et al.*

V.

MORGAN STANLEY & CO. INC. AND
MORGAN STANLEY DW INC
(f/k/a MORGAN STANLEY DEAN WITTER
& CO.)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 3:06 CV 794 (AWT)

TO: (Name and address of Defendant)

MORGAN STANLEY DW INC.

1 City Pl

185 Asylum Street

Hartford, CT 06103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NANCY A. KULESA
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
(860) 493-6292

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

KEVIN F. ROWE

CLERK

(By) DEPUTY CLERK

DATE    June 23, 2006

Dbt f !4;17.dw 118: 5. BX U!!!!!Epdvn f ou6!!!!!!Gjrhe!17089083117!!!!!Qbhf !3!pg3

AO 440 (Rev. 10/93)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE  6 | 28 | 06 |
|---|---|

| NAME OF SERVER (PRINT)  KEVIN  Sullivan | TITLE  STATE  MARSHAL |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant.  Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☒ Other (specify): IN THE HANDS OF GARY SCAPPINI, SPECIAL ASSISTANT,
CT CORPORATION SYSTEM, AGENT FOR SERVICE FOR THE
DEFENDANT  MORGAN STANLEY + CO, INC.

## STATEMENT OF SERVICE FEES

| TRAVEL  — | SERVICES  46.80 | TOTAL  46.80 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  6 | 28 | 06          _Kevin Sullivan_
            Date                Signature of Server

            _Hartford, Conn_
            Address of Server

Documents served:
1. A copy of the Complaint
2. Electronic Filing Order in Civil Cases
3. Certified copy of the Summons
4. Notice to Counsel and Pro. Se Parties
5. An Order on Pretrial Deadlines
6. Notice Regarding Designation of Case
   into Electronic Filing System.
7. Order Re: Disclosure Statement
8. Notice to Counsel for Cases Removed from Superior
   Court, a copy of Tips for successful CM ECF
                                    EFiling.

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JANEMARIE LENIHAN, on behalf of herself
and all others similarly situated,

**APPEARANCE**

Plaintiff,

v.

CASE NUMBER:  06-cv-00794-AWT

MORGAN STANLEY & CO. INCORPORATED
and MORGAN STANLEY DW INC.
(f/k/a MORGAN STANLEY DEAN WITTER & Co., August 14, 2006
Defendants.

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for:

MORGAN STANLEY & CO. INCORPORATED and
MORGAN STANLEY DW INC. (f/k/a MORGAN STANLEY DEAN WITTER & CO.

August 14, 2006
Date

Signature

ct18890
Connecticut Federal Bar Number

Anthony R. Minchella
Print Clearly or Type Name

(203) 758-1069
Telephone Number

Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road, Suite 203-204B
Address

(203) 758-2074
Fax Number

Middlebury, CT  06762

aminchella@minchellalaw.com
E-mail address

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Appearance was mailed on this date to the following:

Robert Abrams, Esq.
Wolf Haldenstein Adler, et al.
270 Madison Avenue
New York, NY  10016

Sam Shaulson, Esq.
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178

Signature

(Use additional pages, if necessary, to list the name and address of each attorney or party for which you are certifying service)

Appearance.frm.Jun.2001

Case 3:07-cv-00070-BEN   Document 1   Filed 01/11/2007   Page 26 of 43
Case 3:06-cv-00794-AWT   Document 7   Filed 08/15/2006   Page 1 of *pa*

*06 cv 794 mApr*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2006 AUG 15  A 9 51

-----------------------------------------------------------x
                                          :
JANEMARIE LENIHAN, on behalf of herself   :
And all others similarly situated,        :
                                          :
                    Plaintiff,            :     Case No. 06-cv-00794-AWT
                                          :
        -v-                               :
                                          :
MORGAN STANLEY & CO. INCORPORATED  :
And MORGAN STANLEY DW INC. (f/k/a         :
MORGAN STANLEY DEAN WITTER & CO.          :
                                          :
                    Defendants.           :
                                          :     August 14, 2006
-----------------------------------------------------------x


## MOTION FOR ADMISSION OF VISITING LAWYER

Pursuant to Rule 83.1(d)1 of the Local Rules of Civil Procedure of the United States

District Court for the District of Connecticut, Defendants Morgan Stanley & Co., Incorporated

and Morgan Stanley DW Inc. (f/k/a Morgan Stanley Dean Witter & Co., through its attorney,

Anthony R. Minchella, moves that Attorney Sam S. Shaulson be admitted as a visiting lawyer to

represent it before this Court in this proceeding.  In accordance with the requirements of

Local Rule 83.1(d)1, the following information is presented to the Court:

1.    Visiting lawyer's office address and telephone number:

> Morgan, Lewis & Bockius, LLP
> 101 Park Avenue
> New York, New York 10178
> (212) 309-6000

2.    Attorney Shaulson is a member in good standing of the bars of the State of

New York and New Jersey, and the federal bars of the Second Circuit Court of Appeals, Seventh

Circuit Court of Appeals, Southern and Eastern Districts of New York, the Northern and Western

District of New York, and the District of New Jersey.

3.    Attorney Shaulson has not been denied admission or disciplined in accordance

with Rule 83.2 of the Local Rules of this Court, nor has he been denied admission or disciplined

by any other court.

4.    The undersigned, Anthony R. Minchella, a member of the Law Offices of

Anthony R. Minchella, L.L.C., will continue to participate in this action and provide a local

office as required by Local Rule 83.1(c).

5.    The payment of a fee of $25 to the Clerk of the Court has been made in

accordance with Local Rule 83.1(d)2.

WHEREFORE, the defendant moves that Attorney Sam S. Shaulson be admitted to

practice before the United States District Court for the District of Connecticut as a visiting

lawyer in this proceeding.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANEMARIE LENIHAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC. (f/k/a MORGAN STANLEY DEAN WITTER & CO.),<br><br>Defendants. | Case No. 06-cv-00794-AWT |

## AFFIDAVIT OF SAM S. SHAULSON IN SUPPORT OF APPLICATION FOR ADMISSION OF VISITING LAWYER

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK  )

SAM S. SHAULSON, being duly sworn, deposes and says:

1.      I am associated with the law firm of Morgan, Lewis & Bockius LLP, and represent Morgan Stanley & Co. Incorporated and Morgan Stanley DW Inc. (f/k/a/ Morgan Stanley Dean Witter & Co.) in the above-captioned action. I submit this affidavit pursuant to Local Rule 83.1(d)1 in support of my application for admission to this Court as a visiting lawyer in the above-captioned case.

2.      My office address, telephone number, facsimile number and e-mail address are as follows:  Sam S. Shaulson, Esq., Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178, telephone: (212) 309-6000; facsimile: (212) 309-6001; e-mail: sshaulson@morganlewis.com.

3.    I am a member of the state bars of New York and New Jersey, and a member of

the federal bars of the Second Circuit Court of Appeals, Seventh Circuit Court of Appeals,

Southern and Eastern Districts of New York, the Northern and Western Districts of New York,

and the District of New Jersey.

4.    I have not been denied admission or disciplined by this Court or any other court.

5.    I have fully reviewed and am familiar with the Rules of the United States District

Court for the District of Connecticut.

Dated: August 11, 2006
       New York, New York

Sam S. Shaulson

Signed and sworn to before me
on this 11 day of August, 2006

Notary Public

LORRAINE LANDAU
Notary Public, State of New York
No. 604879478
Qualified in Westchester County
Certified in New York County
Commission Expires December 1, 2006

2

Respectfully submitted,

THE LAW OFFICES OF
ANTHONY R. MINCHELLA, L.L.C.

By:

Anthony R. Minchella (CT # 18890)

Law Offices of Anthony R. Minchella, LLC
530 Middlebury Road, Suite 203-204B
(203) 758-1069 (Telephone)
(203) 758-2074 (Facsimile)
aminchella@minchellalaw.com

Attorneys for Defendants
Morgan Stanley & Co., Incorporated and
Morgan Stanley DW Inc. (f/k/a
Morgan Stanley Dean Witter & Co.

3

## CERTIFICATION

This is to certify that a copy of the foregoing was this date mailed by first class

United States mail, postage prepaid, to:

Robert Abrams, Esq.
Wolf Haldenstein Adler, et al.
270 Madison Avenue
New York, NY  10016

Sam Shaulson, Esq.
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178


Dated: August 14, 2006
      Middlebury, CT            Anthony R. Minchella

FILED

2006 AUG 15  A  9 52

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANEMARIE LENIHAN, on behalf of herself
and all others similarly situated,

             Plaintiff,

             v.                              Case No. 06-cv-00794-AWT

MORGAN STANLEY & CO.
INCORPORATED and MORGAN STANLEY
DW INC. (f/k/a MORGAN STANLEY DEAN
WITTER & CO.),

             Defendants.

## JOINT STIPULATION AND PROPOSED ORDER TO STAY ACTION

Plaintiff Janemarie Lenihan ("Lenihan") and Defendants Morgan Stanley & Co. Inc. and

Morgan Stanley DW Inc. ("Morgan Stanley"), by and through their respective counsel, hereby

stipulate and agree as follows:

WHEREAS, Lenihan filed the above-referenced action on May 22, 2006 ("*Lenihan*")

under federal law and the law of Connecticut; and

WHEREAS, five similar actions have been filed, one in the Southern District of

California, *Linda Garett, et al. v. Morgan Stanley, et al.*, USDC-SDCA, No. 3:04-CV-1858 BEN

(JMA) ("*Garett*"), one in the District of New Jersey, *Robert Steinberg v. Morgan Stanley, et al.*,

USDC-DNJ, No. 2:05-CV-4856 (DMC) (MF) ("*Steinberg*"), one in the Southern District of New

York, *David Andrew Gasman v. Morgan Stanley*, USDC-SDNY, No. 1:05-CV-7889 (RCC)

("*Gasman*"), one in the Eastern District of New York, *Paul Roles v. Morgan Stanley, et al.*,

1-NY/2074379

USDC-EDNY, Case 2:05-cv-04553 (SJF) (ARL) ("*Roles*"), and one in New Jersey State Court, *Adler v. Morgan Stanley, et al.*, ("*Adler*"); and

WHEREAS, Morgan Stanley moved to transfer *Roles* to the Southern District of New York for consolidation with *Gasman* on December 12, 2005 (the "Transfer Motion"); and

WHEREAS, Roles filed a motion on January 27, 2006 with the Panel on Multidistrict Litigation (the "Panel") seeking transfer of the then-pending New York cases (*Roles* and *Gasman*) and the New Jersey case (*Steinberg*) to the Southern District of California for consolidation with *Garett* (the "MDL Motion"); and

WHEREAS, Plaintiff Roles filed a motion on consent with the Panel on May 24, 2006 seeking to voluntarily dismiss without prejudice the MDL Motion; and

WHEREAS, the Panel granted Roles' motion for voluntary dismissal of the MDL Motion on May 25, 2006; and

WHEREAS, the parties in *Roles*, *Steinberg*, *Gasman*, *Lenihan*, and *Adler* are discussing alternatives that may obviate the need for litigation in *Lenihan* to proceed any further in this Court;

NOW, THEREFORE, the parties hereby stipulate as follows:

1.   This action is hereby stayed for sixty (60) days; and

2.   At the expiration of that sixty-day period the parties will present a status report to this Court; and

3.   Should this matter proceed in this Court for any reason, Morgan Stanley

shall have thirty (30) days from the lifting of the Stay to answer, move, or
otherwise respond to the Complaint.

STIPULATED AND AGREED:

MORGAN, LEWIS & BOCKIUS LLP

By: _____
    Sam S. Shaulson

101 Park Avenue
New York, New York 10178
tel: (212) 309-6000

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

By: _____
    Robert Abrams

270 Madison Avenue
New York, New York 10016
tel: (212) 545-4600

*Attorneys for Plaintiff*

LAW OFFICES OF ANTHONY R. MINCHELLA, L.L.C.

By: _____
    Anthony R. Minchella

    530 Middlebury Road, Suite 203-204B
    Middlebury, CT  06762
    Tel:  (203) 758-1069

*Attorneys for Defendants*

**SO ORDERED:**

_____
United States District Judge

Dated _____

I-NY/2074379

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JANEMARIE LENIHAN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC. (f/k/a MORGAN STANLEY DEAN WITTER & CO.), <br><br> Defendants. | Case No. 06-cv-00794-AWT |

## JOINT CASE STATUS REPORT AND PROPOSED ORDER

Plaintiff Janemarie Lenihan ("Lenihan") and Defendants Morgan Stanley & Co., Inc. and Morgan Stanley DW Inc. ("Morgan Stanley"), by and through their respective counsel and pursuant to the Court's August 21, 2006 Order, provide the following case status report:

1. Lenihan filed the above-referenced action on May 22, 2006 ("*Lenihan*") under federal law and the law of Connecticut.

2. Nine similar actions have been filed, one in the Southern District of California, *Linda Garett, et al. v. Morgan Stanley, et al.*, USDC-SDCA, No. 3:04-CV-1858 BEN (JMA) ("*Garett*"), two in the District of New Jersey, *Robert Steinberg v. Morgan Stanley, et al.*, USDC-DNJ, No. 2:05-CV-4856 (DMC) (MF) ("*Steinberg*") and *Jeff Quinn and John Volpe v. Morgan Stanley*, USDC-DNJ, No. 3:06-CV-04560 ("*Quinn*"), one in the Southern District of New York, *David Andrew Gasman v. Morgan Stanley*, USDC-SDNY, No. 1:05-CV-7889 (RCC) ("*Gasman*"), one in the Eastern District of New York, *Paul Roles v. Morgan Stanley, et al.*, USDC-EDNY, Case 2:05-cv-04553 (SJF) (ARL) ("*Roles*"), one in the Southern District of Florida, *Jennifer Taub v. Morgan Stanley DW, Inc.*, USDC-SDFL, Case 06-60921 ("*Taub*"), one

in the Central District of Illinois, *Joseph Stowell, Jr. v. Morgan Stanley DW, Inc.*, USDC-CDIL, Case 06-1219 ("*Stowell*"), one in the Eastern District of Texas, *Kyle R. Armitage v. Morgan Stanley & Co., Inc.*, USDC-EDTX, Case 06-CV-0347 ("*Armitage*"), and one in New Jersey State Court, *Adler v. Morgan Stanley, et al.*, ("*Adler*")[1].

3.      On August 21, 2006, the Court granted the parties' Joint Stipulation and Proposed Order to Stay Action and stayed litigation in this case until October 23 based on the fact that the parties in *Roles, Steinberg, Gasman, Lenihan*, and *Adler* were discussing alternatives which would obviate the need for litigation in *Lenihan* to proceed any further in this Court.

4.      On September 15, 2006, the plaintiffs in *Armitage* and *Stowell* filed a motion before the Judicial Panel On Multidistrict Litigation ("JPML") to transfer *Armitage, Stowell, Steinberg, Gasman, Roles, Taub*, and *Lenihan* to the Northern District of Illinois for coordinated pre-trial proceedings ("MDL Motion").

5.      The parties in *Roles, Steinberg, Gasman, Lenihan*, and *Adler* have reached a settlement of the overtime and wage payment claims of Morgan Stanley DW Inc.'s financial advisors and financial advisor trainees nationwide and these parties have requested the JPML to transfer all pending cases to the Southern District of California, for the purposes of administering settlement, where Judge Benitez supervised the settlement of *Garett*. Stowell and Armitage's reply brief was due to the JPML on October 17.

6.      While *Taub* and *Quinn* were only recently filed, the courts in *Steinberg, Gasman, Roles*, and *Armitage* have effectively stayed litigation in those cases pending resolution of the MDL Motion.

---

[1] Since the last filing by the parties, their joint motion for a stay, four additional cases (*Taub, Armitage, Stowell*, and *Quinn*) have been filed.

7.     Based on the foregoing, the parties respectfully request that the Court continue the stay in this case until the JPML rules on the MDL Motion and decides where these cases should proceed. The parties suggest that they provide another case status report upon their receipt of the JPML's decision.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
    Sam S. Shaulson (ct 19910)

101 Park Avenue
New York, New York  10178
tel: (212) 309-6000
sshaulson@morganlewis.com

-and-

LAW OFFICES OF ANTHONY R.
MINCHELLA, L.L.C.

By: _____
    Anthony R. Minchella (ct 18890)

530 Middlebury Road, Suite 203-204B
Middlebury, Connecticut  06762
tel: (203) 758-1069
aminchella@minchellalaw.com

*Attorneys for Defendants*

**SO ORDERED:**


_____
United States District Judge


Dated _____


WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

By: _____ (AH)
    Robert Abrams

270 Madison Avenue
New York, New York  10016
tel: (212) 545-4600
abrams@whafh.com

-and-

SCHATZ & NOBEL, P.C.

By: _____ (AH)
    Nancy A. Kulesa (ct 25384)

One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
tel: (860) 493-6292
nkulesa@snlaw.com

*Attorneys for Plaintiff*

I-NY/2097644

A CERTIFIED TRUE COPY

DEC 27 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**

DEC 27 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1806*

JAN 11 2007

CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE MORGAN STANLEY & CO., INC., OVERTIME PAY LITIGATION (NO. II)*

*Janemarie Lenihan v. Morgan Stanley & Co., Inc., et al.,* D. Connecticut, C.A. No. 3:06-794
*Joseph Stowell, Jr. v. Morgan Stanley DW, Inc.,* C.D. Illinois, C.A. No. 1:06-1219
*Robert Steinberg v. Morgan Stanley & Co., et al.,* D. New Jersey C.A. No. 2:05-4856
*Paul Roles v. Morgan Stanley & Co., Inc., et al.,* E.D. New York, C.A. No. 2:05-4553
*David Andrew Gasman, et al. v. Morgan Stanley,* S.D. New York, C.A. No. 1:05-7889
*Kyle R. Armitage v. Morgan Stanley & Co., Inc.,* E.D. Texas, C.A. No. 1:06-347

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

**TRANSFER ORDER**

This litigation currently consists of six putative class actions[1] pending, respectively, in each of the following districts: the District of Connecticut, the Central District of Illinois, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Eastern District of Texas.[2] Plaintiffs in the Central District of Illinois and the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Defendants Morgan Stanley & Co. (Morgan) and a Morgan affiliate, joined by plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions, do not oppose centralization, but argue in favor of the Southern District of California as transferee forum.

---

[1] As originally filed, the Section 1407 motion included a seventh action pending at the time in the Southern District of Florida: *Jennifer Taub v. Morgan Stanley DW, Inc.,* C.A. No. 06-60921. That action has since been settled, and the district court has entered an order approving the settlement agreement and dismissing the action with prejudice. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

[2] The Panel has been notified of three additional related actions pending as follows: two actions in the Southern District of California and one action in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the six actions raises allegations that the Morgan defendants violated the Fair Labor Standards Act and state labor laws by i) misclassifying certain of their sales employees as exempt from overtime pay requirements and/or ii) making improper deductions from those employees' compensation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of California is an appropriate transferee forum for this docket. An earlier action against the Morgan defendants raising similar claims has just recently settled in that district. More significantly, the Morgan defendants and the plaintiffs in the District of Connecticut, District of New Jersey, Eastern District of New York, and Southern District of New York actions state that they have reached a "global settlement" under which a consolidated complaint would be filed in the California district, the matter would be related to the now-settled Southern District of California action, and Judge Roger T. Benitez, who presides over the Southern California action, would administer a settlement resolving the claims against defendants on a nationwide basis. Transfer to the Southern District of California would thus place this litigation before a judge already familiar with the issues in the litigation and may further enhance the prospects for a just and speedy resolution of all MDL-1806 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ CONNECTICUT

JANEMARIE LENIHAN, *et al.*

V.

MORGAN STANLEY & CO. INC. AND
MORGAN STANLEY DW INC
(f/k/a MORGAN STANLEY DEAN WITTER
& CO.)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 3: 06CV794(AWT)

TO: (Name and address of Defendant)

MORGAN STANLEY & CO INC.

1 City Pl

185 Asylum Street

Hartford, CT 06103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NANCY A. KULESA
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
(860) 493-6292

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

KEVIN F. ROWE

CLERK

(By) DEPUTY CLERK

DATE     June 23, 2006

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 6 / 28 / 06 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| KEVIN Sullivan | STATE MARSHAL |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): IN THE HANDS OF GARY SCAPPINI, SPECIAL ASSISTANT, CT CORPORATION SYSTEM AGENT FOR SERVICE FOR THE DEFENDANT MORGAN STANLEY DW, INC.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 2.67 | 46.80 | 49.47 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 6/28/06
_____
Date

Kevin Sullivan
_____
Signature of Server

Hartford, Conn
_____
Address of Server

Documents served:
1. a copy of the Complaint
2. Electronic Filing Order in Civil Cases
3. Certified copy of the Summons
4. Notice to Counsel and Pro Se Parties
5. an Order on Pretrial Deadlines
6. Notice Regarding Designation of Case into Electronic Filing System.
7. Order Re: Disclosure Statement
8. Notice to Counsel for Cases Removed from Superior Court, a copy of Tips for Successful CMECF EFiling.

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Janemarie Lenihan,** | **Morgan Stanley & Co. Inc.,** |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED **Connecticut** PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Nancy A. Kulesa<br>20 Church Street, Suite 1700<br>Hartford, CT 06103<br>(860)493-6292 | ATTORNEYS (IF KNOWN)<br><br>*07 CV 70 BEN* |
|---|---|

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

*29:201 Fair Labor Standards Act*

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☑ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☑ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|
| DATE | | SIGNATURE OF ATTORNEY OF RECORD | |

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)